UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL ENOCH PICKARD-AGUILAR,

    Plaintiff,

v.

WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT,

    Defendant.

CASE NO. 2:20-CV-1248-RSM-DWC

ORDER DENYING MOTIONS FOR COUNSEL AND TO FILE OVERSIZE DOCUMENT

Plaintiff Emanuel Enoch Pickard-Aguilar, proceeding *in forma pauperis*, initiated this action on August 17, 2020. *See* Dkt. 1. Currently pending before the Court are Plaintiff's Application for Court-Appointed Counsel and Motion to File Oversize Document. Dkt. 8, 11.

**I.    Application for Court-Appointed Counsel (Dkt. 8)**

On September 11, 2020, Plaintiff filed an Application for Court-Appointed Counsel. Dkt. 8. In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on*

1   *other grounds*, 154 F.3d 952 (9th Cir. 1998); *see* 28 U.S.C. § 1915€(1). To decide whether

2   exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the

3   merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

4   of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)

5   (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts

6   showing he has an insufficient grasp of his case or the legal issues involved and an inadequate

7   ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*,

8   390 F.3d 1101, 1103 (9th Cir. 2004).

9       Here, Plaintiff submitted an Application for Court-Appointed Counsel form indicating he

10  has been unable to obtain counsel to assist in this case. Dkt. 8. Plaintiff provides no reasons

11  explaining why he needs Court-appointed counsel. *Id.* The Court notes this case does not involve

12  complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his

13  claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to

14  succeed on the merits of his case. Further, while Plaintiff states he has no income, he has not

15  provided evidence that he is indigent.

16      As Plaintiff has not shown exceptional circumstances exist in this case, Plaintiff's

17  Application for Court-Appointed Counsel (Dkt. 8) is denied without prejudice.

18      **II.**    **Motion to File Oversize Document (Dkt. 11)**

19      Plaintiff filed the Motion to File Oversize Document on October 2, 2020, requesting

20  leave to file an oversized document regarding clarification requested by the Court. Dkt. 11. On

21  October 1, 2020, the Court directed Plaintiff to clarify the named defendants in this action. Dkt.

22  10. On October 8, 2020, Plaintiff responded to the Court's Order, clarifying he intended to name

23  only the Washington State Employment Security Department as a defendant in this action. Dkt.

24

1  12. There is no additional information needed to respond to the Court's Order. Therefore,

2  Plaintiff's Motion to File Oversize Document (Dkt. 11) is denied.

3  If Plaintiff seeks to file evidence in opposition to Defendant's Motion for Summary

4  Judgment, any such evidence should be filed on or before November 16, 2020.

### III. Conclusion

For the above stated reasons, Plaintiff's Application for Court-Appointed Counsel (Dkt. 8) and Motion to File Oversize Document (Dkt. 11) are denied.

Dated this 4th day of November, 2020.

David W. Christel
United States Magistrate Judge