UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMANUEL ENOCH PICKARD-AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT,<br><br>Defendant. | CASE NO. 2:20-CV-1248-RSM-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 4, 2021 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant, Washington State Employment Security Department's, Motion for Summary Judgment. Dkt. 18. For the reasons that follow this Court recommends GRANTING Defendant's motion and DISMISSING Plaintiff's claims without prejudice.

**INTRODUCTION**

On July 31, 2020, the Superior Court of Whatcom County issued an order restoring Plaintiff's unemployment benefits. Dkt. 1 at 4.

On August 17, 2020, Plaintiff filed a Complaint in this Court, alleging the Commissioner of the Washington Employment Security Department deprived him of his "right to administrative due process while violating at least 4 RCWs, 3 federal laws and 4 constitutional amendments," and demanding relief pursuant to the U.S. Cares Act 2020, the Trade Act of 1974, and the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution. Dkt. 1 at 3-5.

On September 14, 2020, Defendant Answered, denying that its actions were tortious or violated Plaintiff's civil rights in any way, and asserting a number of affirmative defenses including Eleventh Amendment Immunity and failure to exhaust administrative remedies as required by RCW 4.92.110. Dkt. 9.

On October 29, 2020, Defendant filed a Motion for Summary Judgment, principally arguing this case should be dismissed because the state does not consent to, and is therefore immune from defending itself in federal court. Dkt. 18.

On October 30, 2020, Plaintiff Responded in opposition to Defendant's Motion for Summary Judgment, and averring to having filed a tort claim notice with the state that same day. Dkt. 20.

On, November 19, 2020, Defendant filed a Reply, reasserting its right to judgment as a matter of law and dismissal of all of Plaintiff's claims. Dkt. 22.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) permits parties to move for summary judgment on all or part of their claims. Summary Judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material

1  facts are those that may affect the outcome of the suit under governing law. *Id*. An issue of
2  material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for
3  the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court does "not
4  weigh the evidence or determine the truth of the matter but only determine[s] whether there is a
5  genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (internal citations omitted).

6        The moving party bears the initial burden of production and the ultimate burden of
7  persuasion. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc*., 210 F.3d 1099, 1102
8  (9th Cir. 2000). The moving party must initially establish the absence of a genuine issue of
9  material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party defeats a
10 motion for summary judgment if she "produces enough evidence to create a genuine issue
11 of material fact." *Nissan Fire*, 969 F.2d at 1103. By contrast, the moving party is entitled to
12 summary judgment where "the nonmoving party has failed to make a sufficient showing on an
13 essential element of her case with respect to which she has the burden of proof" at trial. *Celotex*,
14 477 U.S. at 322. "[T]he inferences to be drawn from the underlying facts…must be viewed in the
15 light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith
16 Radio Corp*., 475 U.S. 574, 587 (1986). However, conclusory or speculative testimony is
17 insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v.
18 Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995). Nor should the court adopt a
19 version of events presented by the non-moving party where it is "blatantly contradicted by the
20 record" such that no reasonable jury could believe it. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

21                                         **DISCUSSION**

22       Defendant seeks summary judgment on the basis of Eleventh Amendment Immunity, and
23 because Plaintiff failed to comply with the tort claim notice in RCW 4.92.110, requiring a claim
24

1  against the state to first be presented and filed with the Office of Risk Management at least 60-
2  days before a party may commence a court case against the state. We turn first to the tort claim
3  notice issue.

4      **I.**        **State Tort Claim Notice**

5          There is no dispute that Plaintiff failed to comply with requirement in RCW 4.92.100,
6  that a prospective litigant must first file a claim with the Washington Office of Risk Management
7  before filing a tort action against the State of Washington or against state employees. Plaintiff,
8  who represents himself in this matter, avers that he was unaware of this requirement until
9  Defendant brought it to his attention, at which point he immediately filed this tort claim notice,
10 on October 30, 2020. Dkt. 20 at 1. Accordingly, Plaintiff asks this Court to "[hold] this case over
11 until the Office of Risk Management can assess the situation and make a proper decision." *Id*.

12         Pursuant to RCW 4.92.110, "No action subject to the claim filing requirements of RCW
13 4.92.100 shall be commenced against the state, or against any state officer, employee, or
14 volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty
15 calendar days have elapsed after the claim is presented to the office of risk management in the
16 department of enterprise services."

17         "The filing requirements of RCW 4.92.100 and RCW 4.92.110 are mandatory and
18 operate as a condition precedent to recovery." *Mangaliman v. Wash. State DOT*, 2014 WL
19 1255342, * 4 (2014) (citing *Levy v. State*, 91 Wn. App. 934, 942 (1998) (failure of claimant to
20 verify claim form as required by RCW 4.92.100 deprived court of jurisdiction)); *see also Hust v.*
21 *Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010) (district court properly dismissed plaintiff's
22 Washington state tort claims in § 1983 action for failure to comply with RCW 4.92.110).

23
24

REPORT AND RECOMMENDATION - 4

1         This Court cannot grant Plaintiff's request to essentially stay this case until 60 days have
2    elapsed from the date he allegedly presented his claim to the state. RCW 4.92.110 requires
3    potential litigates to give the state an opportunity to investigate, evaluate, and potentially settle
4    claims before they reach the courthouse steps. *See Lee v. Metro Parks Tacoma*, 183 Wash. App.
5    961, 968 (2014). In other words, the notice requirement in RCW 4.92.110 cannot be satisfied
6    after a litigant is already inside the courthouse—it is a condition precedent to entering. *See*
7    *Mangaliman*, 2014 WL 1255342, * 4. Plaintiff's failure to meet this condition precedent requires
8    this Court to dismiss his prematurely filed claims.

9        **II.    Eleventh Amendment Immunity**

10        In addition to Plaintiff's state tort claim notice problem, Defendant argues that Plaintiff
11   has erred in bringing his claims in federal court instead of state court[1] because Defendant has not
12   consented to being sued in federal court, therefore Plaintiff's claims are barred by Eleventh
13   Amendment Immunity. Dkt. 18.
14        Plaintiff counters that he has not had time to discover enough evidence to support his
15   claims, by which the Court interprets Plaintiff to argue that it is too soon to decide whether
16   genuine factual issues exist sufficient to survive summary judgment. Dkt. 20. Although this
17   Court concurs with Plaintiff that discovery has not yet been nearly robust enough to determine
18   whether the case presents factual issues a jury must decide, Defendant's assertion of immunity
19   renders that question immaterial.

---

[1] Notably, Defendant declares that this case should not be remanded to state court because Plaintiff failed to comply with the state tort claim notice requirement, discussed above. However, this case was not removed from state court so remand is a moot issue. Furthermore, the record before this Court is insufficient to determine whether Plaintiff might cure his tort claim notice problem, exhaust his administrative remedies, and refile his claims in state court where the state is not immune from suit.

1  The Eleventh Amendment bars federal actions against a state brought by its own citizens,
2  whether the relief sought is legal or equitable. *See* U.S. Const. Amend. XI; *Edelman v. Jordan*,
3  415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a
4  State by its own citizens, this Court has consistently held that an unconsenting State is immune
5  from suits brought in federal courts by her own citizens as well as by citizens of another State.").
6  State agencies are similarly immune. *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th
7  Cir. 1988) ("Under the eleventh amendment, agencies of the state are immune from private
8  damage actions or suits for injunctive relief brought in federal court."). A federal court is not
9  permanently barred from hearing cases brought against the state itself. "Rather, a State can waive
10 its Eleventh Amendment protection and allow a federal court to hear and decide a case
11 commenced or prosecuted against it." *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997).
12 The issue is not whether the federal court has subject matter jurisdiction, but whether the state
13 has sovereign immunity and whether that immunity has been waived (*See, e.g., Port Auth.*
14 *Trans–Hudson Corp. v. Feeney,* 495 U.S. 299 (1990) (immunity with respect to suits against the
15 Port of New York Authority waived by statute)), or when the state voluntarily invokes federal
16 jurisdiction (*See, e.g., Gunter v. Atlantic Coast Line R.R. Co.*, 200 U.S. 273 (1906) (immunity
17 waived by voluntarily becoming a party to a suit)).
18  Accordingly, without reaching the merits[2] of Plaintiff's claims, this Court must dismiss
19 them because Defendant is entitled to judgment as a matter of law.

---

[2] Notably, in addition to the reasons discussed in this opinion, Defendant moved to dismiss Plaintiff's claims on the basis that they lack merit. Dkt. 18. However, the Court arrived at its determination that the case must be dismissed as a matter of law before reaching the merits.

**CONCLUSION**

The undersigned recommends that the Court grant Defendant's Motion for Summary Judgment (Dkt. 18) and dismiss Plaintiff's claims without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on the date noted in the caption.

Dated this 18th day of December, 2020.

David W. Christel
United States Magistrate Judge